UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SAMUEL DESILVA | CIVIL ACTION |
| VERSUS | NO. 19-896 |
| IONA A. RENFROE | SECTION "E" (2) |

## REPORT AND RECOMMENDATION

Plaintiff Samuel Desilva is a prisoner currently incarcerated in the Richmond Justice Center in Richmond, Virginia. He filed this complaint pro se and in forma pauperis pursuant to 42 U.S.C. § 1983 ("Section 1983") against his former criminal defense attorney, public defender Iona A. Renfroe. Desilva alleges generally that he received ineffective assistance of counsel from defendant during his Orleans Parish criminal proceedings, which resulted in plaintiff entering a guilty plea on January 7, 1999, and having to register as a sex offender. Record Doc. No. 3 (Complaint at ¶ IV). He seeks monetary damages. Id. (Complaint at ¶ V).

Plaintiff previously filed a petition for a writ of habeas corpus in this court under 28 U.S.C § 2254 based on the same criminal conviction forming the basis of his claims in this Section 1983 action and similarly alleging ineffective assistance of counsel, among other things. Desilva v. Louisiana State et al., Record Doc. No. 6 at p. 5 in Civ. Action No. 18-598 "R" (2) (E.D. La.). Plaintiff's habeas petition was dismissed with prejudice for lack of subject matter jurisdiction or, alternatively, as time-barred. Id. at Record Doc. Nos. 12-14.

## ANALYSIS

I. STANDARDS OF REVIEW

(A) PRISONER COMPLAINT SCREENING

A prisoner's pro se complaint for alleged civil rights violations must be screened by the court as soon as practicable after docketing, regardless whether it has also been filed in forma pauperis. 28 U.S.C. § 1915A(a); Lewis v. Estes, 242 F.3d 375, 2000 WL 1673382, at *1 (8th Cir. 2006); Shakur v. Selsky, 391 F.3d 106, 112 (2d Cir. 2004); Martin v. Scott, 156 F.3d 578, 579–80 (5th Cir. 1998). Such complaints by prisoners must be dismissed upon review if they are frivolous or fail to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1); Shakur, 391 F.3d at 113; Carr v. Dvorin, 171 F.3d 115, 116 (2d Cir. 1999).

"A federal court may dismiss a claim in forma pauperis 'if satisfied that the action is frivolous or malicious.'" Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994) (quoting former 28 U.S.C. § 1915(d), now incorporated in 28 U.S.C. § 1915(e), as amended). A complaint is frivolous "if it lacks an arguable basis in law or fact." Davis v. Scott, 157 F.3d 1003, 1005 (5th Cir. 1998); Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). The law "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are

clearly baseless.'" Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

"'A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.'" Davis, 157 F.3d at 1005 (quoting McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997)). "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate; however, dismissal under the section 1915(d) standard is not." Moore, 976 F.2d at 269. A prisoner's in forma pauperis complaint which fails to state a claim may be dismissed sua sponte at any time under 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1).

In this case, plaintiff's complaint may be dismissed under 28 U.S.C. § 1915(e) and 42 U.S.C. § 1997e(c)(1), either as frivolous because it lacks an arguable basis in law fails to state a claim on which relief can be granted, even under the broadest reading.[1]

(B)   PUBLIC DEFENDER ATTORNEYS ARE NOT STATE ACTORS

Plaintiff alleges that defendant Iona A. Renfroe was a public defender who served as his defense counsel in his state court criminal proceedings and provided ineffective

---

[1] The court must "liberally construe briefs of pro se litigants and apply less stringent standards to parties proceeding pro se than to parties represented by counsel," Smith v. Lonestar Constr., Inc., 452 F. App'x 475, 476 (5th Cir. 2011), cert. denied, 132 S. Ct. 1746 (2012) (quotation omitted); Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994), and I have done so in this case.

assistance. Record Doc. No. 5 (Complaint at ¶'s III(B) and IV). According to a letter from the Louisiana Attorney Disciplinary Board, Office of Disciplinary Counsel, which plaintiff has attached to his complaint, Renfroe died on October 26, 2013. Record Doc. 5-1 at p. 6.

To be successful under Section 1983, a plaintiff must establish that a defendant has acted under color of state law in violating his rights. Daniels v. Williams, 474 U.S. 327 (1986). To state a claim under Section 1983, a plaintiff must show (1) deprivation of a right, privilege or immunity secured by the federal laws or Constitution (2) by one acting under color of state law. James v. Texas Collin County, 535 F.3d 365, 373 (5th Cir. 2008); Calhoun v. Hargrove, 312 F.3d 730, 734 (5th Cir. 2002); Mississippi Women's Med. Clinic v. McMillan, 866 F.2d 788, 791 (5th Cir. 1989). Thus, plaintiff must show that the actions of Renfroe are "fairly attributable to the state." West v. Atkins, 487 U.S. 42, 49 (1988); accord Johnson ex rel. Wilson v. Dowd, 305 Fed. Appx. 221, 2008 WL 5212795, at *2 (5th Cir. 2008); Cornish v. Correctional Servs. Corp., 402 F.3d 545, 549 (5th Cir. 2005).

Even putting aside the question of whether plaintiff's claims against defendant were extinguished upon defendant's death, Fed. R. Civ. P. 25(a)(1), the law is clear that under no circumstances can attorneys acting as public defenders be considered state actors as a matter of law. Polk County v. Dodson, 454 U.S. 312, 325 (1981); Small v. Dallas County, 170 F. App'x 943, 2006 WL 925500, at *1 (5th Cir. 2006) (citing Hudson

v. Hughes, 98 F.3d 868, 873 (5th Cir. 1996); Mills v. Criminal Dist. Ct. No. 3, 837 F.2d 677, 679 (5th Cir. 1988)). Because Renfroe was not a state actor, plaintiff's Section 1983 claims against this defendant have no basis in federal law, and they must be dismissed because plaintiff has failed to state cognizable claims against Renfroe.

## **RECOMMENDATION**

For all of the foregoing reasons, it is **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as legally frivolous and/or for failure to state a claim under 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v.

United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[2]

New Orleans, Louisiana, this \_\_\_\_21st\_\_\_\_ day of March, 2019.

_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[2] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.